UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RICHARD LUCAS-MacGIBBON, individually; ESTATE OF MARIE CAROL LUCAS-MacGIBBON,<br><br>Plaintiffs,<br>v.<br>USAA LIFE INSURANCE COMPANY, a foreign company of unknown type; DOES 1-10, individually,<br><br>Defendants. | Case No. 2:17-cv-01348-MMD-PAL<br><br>ORDER<br>(ECF No. 21) |

## I. SUMMARY

This dispute involves a payout of benefits under two life insurance policies ("Policies") issued to Marie Carol Lucas-MacGibbon ("Mrs. Lucas-MacGibbon") (ECF Nos. 21-5, 21-6) who passed away on June 18, 2013 (ECF No. 1 at 11). Before the Court is Defendant USAA Life Insurance Company's ("USAA Life") motion for summary judgment ("Motion") (ECF No. 21). Plaintiff Richard Lucas-MacGibbon ("Mr. Lucas-MacGibbon") filed a response (ECF No. 22)[1] and USAA Life replied (ECF No. 23).

For the following reasons, the Motion (ECF No. 21) is granted.

///

///

---

[1]In his response, Mr. Lucas-MacGibbon states that USAA Life's Motion "exceeds the maximum page-limits" under the local rules. (ECF No. 22 at 1 & n.1; *see also* ECF No. 23 at 2 n.1 (USAA Life addressing the issue).) USAA Life is wrong about its interpretation of the applicable local rules. The lengthy "Notice", which is neither necessary nor helpful, is counted towards the page limit. Nevertheless, the Court will consider the Motion in full.

## II.  RELEVANT BACKGROUND

At the time Mrs. Lucas-MacGibbon obtained the Policies from USAA Life, she listed Mr. Lucas-MacGibbon and her biological son, Daxim-Rey Lucas-Banagudos ("Mr. Lucas-Banagudos"), as the beneficiaries. (ECF No. 21-5 at 21; ECF No. 21-6 at 17.) At all relevant times, Mrs. Lucas-MacGibbon was listed as the primary insured, owner, and "payor" under the Policies. (ECF Nos. 21-7, 21-8; ECF No. 22-11 at 4.)

In 2006, Mrs. Lucas-MacGibbon changed the designated beneficiaries under the Policies, making Mr. Lucas-Banagudos the sole 100% beneficiary. (ECF No. 21-7 at 2.) Mr. Lucas-Banagudos thereafter remained the sole beneficiary through Mrs. Lucas-MacGibbon's death. USAA Life issued payment under the Policies to Mr. Lucas-Banagudos in April 2014. (ECF No. 21-13 at 4.) The value of the Policies at the time of Mrs. Lucas-MacGibbon's death totaled $600,000 ($300,000 each). (ECF No. at 11; ECF Nos. 21-5, 21-6.)

Mr. Lucas-MacGibbon initiated this action in April 2017 challenging USAA Life's issuance of the benefits to Mr. Lucas-Banagudos—his step-son. (ECF No. 1 at 10.) He advances four claims for relief—breach of contract, bad faith, breach of fiduciary duty, and declaratory relief. (ECF No. 1 at 12-14.) USAA Life asserts that Mr. Lucas-MacGibbon's claims are time-barred under the doctrine of laches, or in the alternative fail for material misrepresentation, and additionally alleges various affirmative defenses. (ECF No. 5 at 7-9; ECF Nos. 21, 21-1.)

## III.  LEGAL STANDARD

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could

find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

///
///
///
///
///
///

## IV. DISCUSSION

The Court agrees with USAA Life's argument that Mr. Lucas-MacGibbon's claims are barred by laches (ECF Nos. 21, 21-1), and declines to address its alternative argument.[2]

"Laches is an equitable defense." *Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 950 (9th Cir. 2001). It bars a plaintiff who, "with full knowledge of the facts, acquiesces in a transaction and sleeps upon his rights." *Id.* at 950-51 (quotations and citations omitted). A defendant is entitled to relief under the doctrine where the defendant proves "both an unreasonable delay by the plaintiff and prejudice to itself." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1083 (9th Cir. 2000). The Court finds that USAA Life has satisfied both factors.

USAA Life has demonstrated that Mr. Lucas-MacGibbon acquiesced in its payment to Mr. Lucas-Banagudos and engaged in unreasonable delay by failing to object to the payment to his step-son after he was notified of the Policies' beneficiary status and before USAA Life issued payment. The evidence USAA Life provides supports its claim that on October 29, 2013, it informed Mr. Lucas-MacGibbon that Mr. Lucas-Banagudos was the sole beneficiary under the Policies. (ECF No. 21-9; ECF No. 21-10 at 5-6; *see* ECF Nos. 21-7, 21-8.) In response to that information, Mr. Lucas-MacGibbon did not mention that he sent in his alleged change of beneficiary requests prior to Mrs. Lucas-MacGibbon's death to be designated the 100% beneficiary. (ECF No. 21-10 at 5-6; ECF No. 1 at 11.)

///

---

[2]The gravamen of Mr. Lucas-MacGibbon's Complaint is two-fold. First, Mr. Lucas-MacGibbon suggests that he is designated as 100% beneficiary under the Policies, contending that prior to Mrs. Lucas-MacGibbon's death, he as Mrs. Lucas-MacGibbon's attorney-in-fact exercised power of attorney to request, by mailing, that USAA designate him as 100% beneficiary. (ECF No. 1 at 11.) USAA Life contends that it never received that mail request. (ECF No. 21-1 at 3.) Mr. Lucas-MacGibbon has produced no evidence to the contrary. Second, Mr. Lucas-MacGibbon alternatively claims that even if his change in beneficiary was ineffective, Washington and Nevada's community property laws require that half the Policies be paid to him. (ECF No. 22 at 10-15.) USAA Life asserts that its payment of the full benefits to Mr. Lucas-Banagudos was proper because Mr. Lucas-Banagudos was listed as the sole beneficiary at the time of Mrs. Lucas-MacGibbon's death. (ECF No. 21-1.) However, the Court does not reach the merits of Mr. Lucas-MacGibbon's claims because the Court finds that laches apply to bar his claims.

He did not otherwise state an objection to USAA Life paying the benefits to Mr. Lucas-Banagudos—relevantly, he made no claim to "any potential community property share of the life insurance benefits." (*Id.* at 6.) Instead, Mr. Lucas-MacGibbon gave USAA Life Mr. Lucas-Banagudos's "address and contact information and email information" with the "expectation" that USAA Life would pay Mr. Lucas-Banagudos "the benefits of both policies." (*Id.* at 7; ECF No. 22-8 at 2.) In fact, after receiving the relevant beneficiary information from USAA Life, Mr. Lucas-MacGibbon contacted Mr. Lucas-Banagudos to inform him that USAA Life was attempting to contact him (ECF Nos. 21-11; 21-12). He also told Mr. Lucas-Banagudos to update his information with USAA Life so that it may "send the check" for the insurance policy benefits (ECF No.21-12 at 2).

The evidence additionally supports USAA Life's contention that within the "5 months" after the October 29 notification and before USAA Life made payment to his step-son in April 2014, Mr. Lucas-MacGibbon never objected to the payment. (ECF No. 21 at 2; ECF No. 21-1 at 8-12.) The evidence shows Mr. Mac-Gibbon first attempted to formally object in May 2016—more than two years after payment was issued. (ECF No. 21-1 at 12; ECF No. 21-16 at 2.)[3]

Mr. Lucas-MacGibbon neither challenges this evidence nor disputes the facts supporting USAA Life's Motion. Instead, he argues that summary judgment should be denied based on his request for additional discovery pursuant to Fed. R. Civ. P. 56(d). (ECF No. 22 at 4-7.) Specifically, Mr. Lucas-MacGibbon requests that the Court allow him to obtain evidence of phone recordings and online queries that he needs to establish that within the five months before the payment, he "made several inquiries to try to figure out the history of beneficiary changes to determine whether he had a right to claim the proceeds of the life insurance [sic] policy." (*Id.*; *see also* ECF No. 22-8 at 2.) The Court finds that such relief is unmerited.

///

///

---

[3] *See also* ECF No. 22 at 5 (Mr. Lucas-MacGibbon noting that the October 29, 2013 phone call was the first time he became aware that his step-son was sole beneficiary).

Because discovery closed in this matter on October 4, 2017, (ECF No. 18), Mr. Lucas-MacGibbon's request for additional discovery is essentially a request to re-open discovery. However, under Fed. R. Civ. P. 16(b)(4) once a court sets a discovery schedule, that schedule "may be modified only for good cause and with the judge's consent." *See also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (indicating that in assessing whether there is "good cause," a court "primarily considers the diligence of the party seeking [to amend the scheduling order]"). Here, Mr. Lucas-MacGibbon fails to request that the Court modify the scheduling order to re-open discovery. Neither does he argue good cause, nor can the Court independently find good cause given the time lapse since discovery closed and Mr. Lucas-MacGibbon's improper attempt to obtain additional discovery under Fed. R. Civ. 56(d).[4] *See id.* ("[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."). Accordingly, the Court denies Mr. Lucas-MacGibbon's request for additional discovery.

The Court therefore finds there is no material dispute going to whether Mr. Lucas-MacGibbon acquiesced to USAA Life's payment of the Policies' benefits to Mr. Lucas-Banagudos and engaged in unreasonable delay.[5]

The Court additionally finds that USAA Life has demonstrated that it was prejudiced. Mr. Lucas-MacGibbon's unreasonable delay in objecting to the intended payment to Mr. Lucas-Banagudos caused an irremediable change in condition for USAA Life upon its issuance of said payment. The Court considers that it is unlikely that USAA

///

---

[4] Mr. Lucas-McGibbon requested additional discovery pursuant to Fed. R. Civ. P. 56(d) in his November 20, 2017 response to the Motion (ECF No. 22).

[5] The Court has considered Mr. Lucas-MacGibbon's claim that because "[h]e also submitted a claim against the policy, . . . USAA Life knew that he believed himself to be the beneficiary." (ECF No. 22 at 4.) The supporting exhibits Mr. Lucas-MacGibbon references show that he made a claim request in November 2014—several months after the payout was issued (*see* ECF No. 22-11 at 3)—and that he had mailed in a claim to USAA Life on October 15, 2013, before being informed that he was not the designated beneficiary on the Policies (ECF No. 22-12). Accordingly, the exhibits are immaterial to the Court's consideration of laches which focuses on Mr. Lucas-MacGibbon's delay after he was notified that his step-son was the sole beneficiary under the Policies on October 29, 2013.

Life can recover a payout after it is issued. The unlikelihood of recovery is especially potent here given the more than two-year-delay in filing suit after the payment and the fact that Mr. Lucas-Banagudos resides in the Philippines—a fact Mr. Lucas-MacGibbon was privy to at all relevant times. (*See* ECF No. 21-9 at 5 (providing address in Philippines).) Had Mr. Lucas-MacGibbon objected, USAA would have other recourses, such as interpleading the benefits. In sum, the Court finds the doctrine of laches bars Mr. Lucas-MacGibbon's claims. *See Danjaq LLC v. Sony Corp.*, 263 F.3d at 955 ("The very purpose of laches as an equitable doctrine—and the reason that it differs from a statute of limitations—is that the claim is barred because the plaintiff's delay occasioned the defendant's prejudice . . . [L]aches is not like limitation, a mere matter of time; but principally a question of the inequity of permitting the claim to be enforced—an inequity founded upon some change in condition or relations of the property or parties.").

The Court grants USAA Life's motion for summary judgment.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motion before the Court.

It is therefore ordered that Defendant's motion for summary judgment (ECF No. 21) is granted.

The Clerk is directed to enter judgment in accordance with this Order and close this case.

DATED THIS 12th day of July 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

7